CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 29 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID K. COMER, | ) |
| | ) Civil Action No. 5:07CV00042 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

    Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

    The plaintiff, David K. Comer, was born on September 2, 1963. Mr. Comer reached the eighth grade in school. It appears that plaintiff experiences a limited ability to read and write. Mr. Comer has worked as an upholstery assistant, carpenter's helper, and laborer in a door plant. Apparently, he last worked on a regular and sustained basis in 1989. On April 14, 2002, plaintiff filed an application for supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing his most recent claim, Mr. Comer alleged that he became disabled for all forms of substantial

gainful employment on April 14, 1989 due to pain in his back, sides, and leg; bulging discs; trapped nerves; bleeding ulcers; cataracts in left eye and beginning in right eye; rectal bleeding; torn muscles; and pinched nerves. Plaintiff now maintains that he has remained disabled to the present time.[1]

Mr. Comer's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 29, 2004, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Mr. Comer suffered from chronic lumbar disorder; chronic ilioinguinal neuralgia; pain disorder; conversion disorder; mixed anxiety; and depressive disorder. Because of these conditions, the Law Judge held that Mr. Comer was disabled for all of his past relevant work roles. However, the Law Judge ruled that plaintiff retained sufficient functional capacity for a limited range of light exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant has the following residual functional capacity: to perform less than the full range of light work. The claimant can frequently lift/carry 10 pounds and occasionally lift/carry 20 pounds. He can do no prolonged standing or walking. The claimant is limited in his ability to push/pull in the upper and lower extremities. The claimant can occasionally climb, balance, bend, stoop, kneel, crouch, squat, and crawl. The claimant can occasionally twist and do overhead reaching. He is to avoid concentrated exposure to hazards (machinery, heights, etc.). The claimant has moderate limitation, due to pain and mental impairment, in the ability to: maintain attention/concentration for extended periods and keep up a pace; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. (TR 22).

Given such a residual functional capacity, and after considering Mr. Comer's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retained sufficient functional capacity for several specific light and sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that

---

[1] At the time of oral argument in this case, plaintiff's attorney advised that the Social Security Administration has now determined that Mr. Comer was disabled for purposes of a later application for supplemental security income benefits filed on August 16, 2006. Thus, the issue in the instant case is whether Mr. Comer became disabled at an earlier point in time covered by his application of April 14, 2002.

2

plaintiff was not disabled, and that he was not entitled to supplemental security income benefits. See, generally, 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Comer then appealed to this court.

Upon initial review of this case, the court remanded the matter to the Commissioner of Social Security for further development and consideration. Citing a consultative psychological evaluation by Dr. A. J. Anderson, the court ruled that in posing hypothetical questions to the vocational expert, the Administrative Law Judge failed to include all of the nonexertional limitations reasonably documented in the medical record. The court relied on the decision of the United States Court of Appeals for the Fourth Circuit in Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989) in finding the existence of "good cause" for remand of the case to the Commissioner for supplemental proceedings, including a new administrative hearing in which more comprehensive questions could be put to a qualified vocational expert.

Following entry of the order of remand, the matter was assigned to the same Administrative Law Judge for a new administrative hearing and decision. A supplemental administrative hearing was conducted on September 29, 2005. At the hearing, the Administrative Law Judge asked the vocational expert to assume that plaintiff could perform a full range of sedentary exertion, but less than a full range of light exertion. The Law Judge also asked the expert to assume the existence of a variety of nonexertional impairments based on physical restrictions. Finally, the Law Judge asked the vocational expert to assume moderate limitation as to a number of specific, work-related emotional components. Given such a hypothetical question, the vocational expert identified several specific light and sedentary work roles which Mr. Comer could be expected to perform.

3

Shortly after the hearing, the Administrative Law Judge produced an opinion, again denying plaintiff's entitlement to supplemental security income benefits. After summarizing the medical record pertaining to plaintiff's physical impairments, the Law Judge again found that Mr. Comer retains sufficient functional capacity for sedentary exertion and a limited range of light exertion. The Law Judge determined that plaintiff's emotional limitations are not so severe as to result in more than moderate restrictions as to specific, work-related emotional components. Given plaintiff's combination of physical and emotional problems, the Law Judge ruled that Mr. Comer is disabled for his past relevant work roles. However, given his findings as to the extent of plaintiff's residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from the vocational expert, the Administrative Law Judge again concluded that Mr. Comer retains sufficient functional capacity to perform several specific light and sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge again concluded that Mr. Comer is not disabled, and that he is not entitled to supplemental security income benefits. See, generally, 20 C.F.R. § 416.920(g). The Law Judge's opinion has now been adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mr. Comer has filed a new civil action in this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

4

education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. On this occasion, the court experiences substantial doubt as to whether the medical record can be fairly said to support a finding of residual, physical ability for light or sedentary work roles. Stated succinctly, since the court's earlier order of remand, Mr. Comer has remained under the care of Dr. Bart Balint, a pain management specialist. Dr. Balint has cited objective findings which support his earlier opinion that Mr. Comer is totally disabled due to chronic low back syndrome and chronic ilioinguinal neuralgia. Dr. Balint's reports support the notion that plaintiff's physical problems have now progressed to a totally disabling level of severity.

As for plaintiff's nonexertional impairments, the court can understand plaintiff's frustration in the Law Judge's determination that plaintiff's emotional problems do not result in anything more than moderate restriction in his capacity to deal with work stresses and to work in a reliable fashion, despite the fact that no additional psychiatric or psychological evidence has been added to the record since the time of the court's earlier consideration of this case. As noted in the court's earlier memorandum opinion dated January 18, 2005, during the late 1990s, Mr. Comer's physicians began to suspect the involvement of emotional factors in his complaints of severe and unrelenting pain. Based on these notations in the reports of the doctors who treated plaintiff's physical problems, the Disability Determination Services referred Mr. Comer to Dr. A. J. Anderson for a psychological evaluation. Dr. Anderson submitted a report on August 1, 1998. Based on his clinical interview and results from various psychological tests, Dr. Anderson listed his diagnostic impression as follows:

> Mr. Comer shows grossly average intellectual abilities and a basically neurotic adjustment with symptoms of anxiety, depression, pain disorder, conversion disorder, and dependent and histrionic personality traits.

5

| | | |
|---|---|---|
| AXIS I | 307.80 | Pain disorder associated with psychological factors (Versus 307.89, pain disorder associated with a combination of medical and psychological factors) |
| | 300.11 | Conversion disorder |
| | 300.4 | Mixed anxiety and depressive disorder |
| AXIS II | 301.9 | Dependent and histrionic traits |
| AXIS III | | Diagnosis deferred to physician examiner |
| AXIS IV | | Limited financial resources |
| AXIS V | | GAF (current) = 41 - 50  (TR 179-180). |

Dr. Anderson also completed a medical assessment of plaintiff's mental ability for work-related activities. As to most work-related emotional components, the psychologist indicated that plaintiff experiences limited but satisfactory ability to function. However, in terms of plaintiff's capacity to deal with work stresses and demonstrate reliability, Dr. Anderson indicated that Mr. Comer experiences serious limitations. As previously noted, the Administrative Law Judge posed a hypothetical question to the vocational expert which included an assumption of no more than moderate limitation in the abilities to deal with work stresses and demonstrate reliability.

In his opinion, the Administrative Law Judge gave several reasons for discounting the assessment of Dr. Anderson. The Law Judge noted that Dr. Anderson's statement of clinical findings was inconsistent with his determination as to plaintiff's residual functional capacity to deal with work stresses and demonstrate reliability. The Law Judge also cited the reports from nonexamining state agency psychologists who opined that plaintiff's mental impairments are not severe.

Once again, the court is unable to conclude that the Commissioner's assessment of plaintiff's nonexertional impairments is supported by substantial evidence. As regards the Law Judge's reliance on the reports from nonexamining state agency psychologists, the court notes that the two reports in question include nothing more than a series of check marks on preprinted forms with a few cryptic comments. In essence, the state agency psychologists simply disagreed with Dr. Anderson's

assessment, given the consultative psychologist's clinical findings and psychological testing results. The court does not believe that the Law Judge's reliance on the nonexamining psychologists' reports is warranted. The governing administrative regulations make it clear that, as a general matter, more weight should be given to the opinion of a medical source who has examined the claimant than to the opinion of a source who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). Moreover, the court notes that, unlike the state agency psychologists, Dr. Anderson had the opportunity to personally view, examine, and test Mr. Comer. Dr. Anderson cited findings of anxiety and depression, and he opined that plaintiff's particular psychological disorder makes it "likely that he is somatizing conflict or responding to psychological stress with physical complaints whether in the form of psychophysiological symptoms or hysterical or hypochondriacal complaints." (TR 179). Furthermore, the psychologist estimated plaintiff's GAF as between 50 and 41, which appears to be consistent with the level of dysfunction identified by the consultant.[2]

While the court concludes that the Law Judge's assessment of Dr. Anderson's report is not supported by substantial evidence, the court also believes that the Law Judge's treatment of Dr. Anderson's report, and Mr. Comer's case in general, presents some cause for concern. As noted above, the need for a consultative psychological evaluation was suggested by the reports from plaintiff's treating physicians. Recognizing this need, the state disability agency commissioned Dr. Anderson to conduct a psychological study. The state agency, and not Mr. Comer, chose Dr. Anderson to conduct the evaluation. The Law Judge chose to credit the reports from psychologists who did not examine the

---

[2] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 50 and 41 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 48.

7

claimant and who offered little or no reason for their conclusions. It seems to the court that if the Commissioner felt there was good reason to believe that Dr. Anderson's assessment was faulty, incomplete, or inconsistent, the appropriate course would have been to require Mr. Comer to submit to examination by another medical consultant approved by the Commissioner.[3] See 20 C.F.R. § 416.917. Stated differently, if a psychological consult was felt to be necessary in the first place, it becomes difficult to justify denial of the claim when the consultative evaluation performed at the behest of the state agency proved favorable to the claimant's position.

In summary, the court finds that the Law Judge's refusal to accept some of Dr. Anderson's findings as to plaintiff's emotional limitations, while crediting other of those findings, is not supported by substantial evidence. The court concludes that the Law Judge's hypothetical questions to the vocational expert were incomplete, and cannot support the Law Judge's finding of residual functional capacity for specific, alternate work roles that Mr. Comer could be expected to perform. See Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). The court concludes that the Commissioner has failed to carry the burden of going forward with evidence as to the existence of alternate work roles which plaintiff could perform, given his specific combination of physical and emotional impairments. See Taylor v. Weinberger, 512 F.2d 664 (4th Cir.1975). Accordingly, the court concludes that Mr. Comer has met the burden of proof in establishing that he was disabled for all forms of substantial gainful employment for purposes of his application for supplemental security income benefits filed on April 14, 2002.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must

---

[3] This is especially true considering the fact that Dr. Anderson's report was completed in August of 1998, several years before the SSI application at issue. It is quite likely that Mr. Comer's psychological status has changed, for the better or the worse, since 1998.

8

therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program during the period of time in question, the court must remand the case to the Commissioner for an appropriate determination. An order and Judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

ENTER: This 29th day of February, 2008.

_____
United States District Judge